**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ASHLEY ALBRIGHT, et al.,

    Plaintiffs,

v.                                                   Case No:  6:14-cv-1831-Orl-40GJK

VOLUSIA COUNTY, et al.,

    Defendants.

## ORDER

This cause comes before the Court on the following:

1. Plaintiffs' Motion for Review and to Vacate Cost Bills Submitted by Defendants City of Daytona Beach, City of Holly Hill, City of Port Orange, and Volusia County and Taxed by the Clerk and Incorporated Memorandum in Support (Doc. 212), filed September 21, 2015;

2. Defendant, Volusia County's Response to Plaintiff's Motion for Review and to Vacate Cost Bill Submitted by Volusia County (Doc. 213), filed October 5, 2015; and

3. Defendants City of Daytona Beach, City of Holly Hill, and City of Port Orange's Response to Plaintiffs' Motion for Review and to Vacate Costs Bills (Doc. 214), filed October 6, 2015.

Upon consideration, the bills of costs taxed by the Clerk of Court will be vacated.

**I.  BACKGROUND**

Plaintiffs initiated this lawsuit on November 10, 2014 to vindicate their alleged rights under the Americans with Disabilities Act.  After about nine months of litigation,

1

Plaintiffs voluntarily dismissed their lawsuit without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (Docs. 201, 202).  On August 26, 2015, some of the Defendants filed proposed bills of costs, seeking their respective costs of litigating this action.  (Docs. 204, 205, 206, 207).  The Clerk of Court subsequently taxed those costs against Plaintiffs.  (Docs. 208, 209, 210, 211.)

Plaintiffs now move to vacate the bills of costs taxed by the Clerk of Court.  Plaintiffs contend that their voluntary dismissal without prejudice does not render Defendants "prevailing parties" according to Federal Rule of Civil Procedure 54(d), thus precluding an award of costs.  (Doc. 212, pp. 5–15).  In the alternative, Plaintiffs ask the Court to review the costs submitted by each of the Defendants to determine their reasonableness. (*Id.* at pp. 15–19).  In response, Defendants, City of Daytona Beach, City of Holly Hill, and City of Port Orange ("Defendant Cities"), reveal that they do not seek costs under Rule 54(d), but rather pursuant to the Court's inherent authority to award costs of litigation.  Defendant Cities therefore maintain that they need not be prevailing parties to receive costs.  (Doc. 214, pp. 6–7).  By separate response, Defendant, Volusia County, consents to the vacatur of its bill of costs provided that it reserves the right to recover these costs should Plaintiffs refile their lawsuit.  (Doc. 213).

**II.   DISCUSSION**

Because Defendant Cities do not contend that they are prevailing parties in this litigation, the Court need not review Plaintiffs' motion and the disputed bills of costs through the lens of Rule 54.  Instead, the Court only considers whether it should exercise its discretion to award costs in this particular case.  *See AmeriPath, Inc. v. Wetherington*, No. 10-60766-CIV, 2011 WL 3475367, at *3 (S.D. Fla. Aug. 9, 2011).

Defendant Cities assert that the Court should award costs because they have expended great time and effort defending a case defined by imprecision. (Doc. 214, p. 7). The Court is familiar with the numerous problems Plaintiffs have faced in crafting a sufficient pleading. However, while the prosecution of this case could certainly be described as haphazard, the Court declines to impose costs. According to the Third Amended Complaint, Plaintiffs are handicapped individuals seeking relief under the Americans with Disabilities Act for allegedly non-compliant aspects of Defendant Cities' public transportation systems. The Court is concerned that, absent some improper conduct by a party, imposing costs for the voluntary dismissal of an ADA claim may chill otherwise meritorious litigation, thus undermining the purpose of the ADA. *See* 42 U.S.C. § 12101. Moreover, Defendants are already entitled to recover the costs of this litigation should Plaintiffs refile their lawsuit. *See* Fed. R. Civ. P. 41(d). Accordingly, the Court finds that imposing costs against Plaintiffs at this juncture is not appropriate.

### III. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion for Review and to Vacate Cost Bills Submitted by Defendants City of Daytona Beach, City of Holly Hill, City of Port Orange, and Volusia County and Taxed by the Clerk (Doc. 212) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Plaintiffs' motion is **GRANTED** to the extent Plaintiffs move to vacate the bills of costs taxed by the Clerk of Court on September 14, 2015.

    b. Plaintiffs' motion is otherwise **DENIED AS MOOT**.

2. The Bill of Costs for Defendant City of Daytona Beach (Doc. 208) is **VACATED**.

3. The Bill of Costs for Defendant City of Holly Hill (Doc. 209) is **VACATED**.

4. The Bill of Costs for Defendant City of Port Orange (Doc. 210) is **VACATED**.

5. The Bill of Costs for Defendant Volusia County (Doc. 211) is **VACATED**.

**DONE AND ORDERED** in Orlando, Florida on November 6, 2015.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record